**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FAIZAN MEHDI HASSAN** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-685-JD** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Faizan Mehdi Hassan, a noncitizen[1] and citizen of Pakistan, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). Petitioner also filed a Memorandum of Law and Declaration in support of his Petition. (ECF Nos. 2 & 3). Respondents field a response to the Petition. (ECF No. 9).[2] United States District Judge Jodi W. Dishman referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Petition be **GRANTED** in part, and order Respondents

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] On May 6, 2026, Respondent also filed a "Motion for Relief From Transfer Notification Period Due to Exigent Circumstances." (ECF No. 10). In the Motion, Respondents stated that Petitioner developed a medical condition which required him to be transferred to a different detention center, seeking leave of court excusing them from failing to provide 72 hours notice of a transfer as required by the Order for Response. (ECF No. 10). But to date, Petitioner is still detained at Diamondback Correctional Facility. To the extent Petitioner needs to be moved due to said medical condition, the Court should grant the request and no further notice is required.

to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

## I. BACKGROUND AND PETIITONER'S CLAIM

Petitioner, a citizen of Pakistan, entered the United States at or near New York, New York, on August 1, 1990 without inspection. (ECF No. 9-1:1). On January 1, 1998, Immigrations Customs and Enforcement (ICE) officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) as someone who entered the United States without having been admitted or paroled. (ECF No. 9-1). Thereafter, Petitioner applied for asylum and on March 23, 1998, the Immigration Court administratively closed Petitioner's case because neither he, nor a representative appeared at the hearing. (ECF Nos. 9-2 & 9-3). On January 26, 2025, Petitioner was arrested by Department of Homeland Security (DHS) and issued a new Notice to Appear, once again charging him with being inadmissible in this country under 8 U.S.C. §§ 1182(a)(6)(A)(i). (ECF No. 9-4). Petitioner is currently detained in the Diamondback Correctional Facility.[3]

Petitioner asserts a single claim for relief—Mr. Hassan alleges that his prolonged detention without a bond hearing is unconstitutional in violation of Due Process. (ECF No. 1). Petitioner asks the Court to immediately release him, or, in the alternative, order

---

[3] *See* https://locator.ice.gov/odls/#/results (last visited July 16, 2026).

Respondents to provide him with an individualized bond hearing, at which the government bears the burden of proof. (ECF No. 1:3).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

While Petitioner does not raise a claim that his detention violates the Immigration and Nationality Act (INA), Respondents allege Petitioner is properly detained under 8 U.S.C. § 1225(b)(2). *See* ECF No. 9. The Court must, therefore, first determine what statutory provision governs Petitioner's detention before it can determine whether his due process rights have been violated. For the reasons explained below, the Court should find § 1226(a)—rather than § 1225(b)(2)—governs his re-detention.

Under the INA, detention of aliens who are "applicants for admission"[4] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue

[4] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

detention of the alien or to release the alien on bond.[5] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709. The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States years after entering without admission, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has

---

[5] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA"). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.

## IV. PETITIONER'S CURRENT DETENTION VIOLATES DUE PROCESS

Petitioner alleges that "Courts in the Tenth Circuit recognized that prolonged detention without a bond hearing violates due process." (ECF No. 1:3). Petitioner is correct.

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is well established that the Due Process Clause applies to non-citizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: (1) is there a protected liberty interest, and (2) if so, what procedures are necessary to ensure deprivation of that protected liberty interest accords with due process. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. Indeed, "due process requires that, whenever the Government detains somebody, it must have a good reason for doing so." *Santillan Quiroz*, 2026 WL 1876709, at *16.

As a non-citizen facing discretionary detention or release while removal proceedings are pending, Petitioner has a liberty interest in freedom from immigration detention and it is necessary to afford him the opportunity to be heard regarding his

release to ensure that any deprivation of that protected liberty interest accords with due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (citation modified). The bond hearing process, codified at § 1226(a) and its related regulations, provides such an opportunity to be heard. Thus, Petitioner's procedural due process rights have been violated by Respondents' decision to detain him under § 1225 without a bond hearing.

Although finding it unnecessary to determine whether the government's position regarding the application of § 1225(b)(2)(A) is unconstitutional, *Santillan Quiroz*, 2026 WL 1876709, at *17, the Tenth Circuit observed that "[t]he mandatory detention of potentially millions of noncitizens without the potential for bond raises" "serious constitutional concerns." *Id.* at *16. District courts in this Circuit have had occasion to directly address the issue, holding:

> Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ [immigration judge]. Having erroneously concluded that Petitioner was mandatorily detained under § 1225, the IJ in Petitioner's case declined to make an individualized assessment of whether Petitioner posed any danger to the community, threatened national security, or was at risk of flight. Thereafter, Petitioner's continued detention without the bond hearing that should have been provided to him pursuant to § 1226 constitutes an ongoing violation of his constitutional right to due process.

*Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (internal citation omitted); *see also Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1282 (D.N.M. 2026) ("Classifying Petitioner under § 1225 has . . . deprived him of due process by denying

him the opportunity to be heard at [a bond] hearing.") (citation modified); *Facio v. Baltazar*, No. 25-CV-03592-CYC, 2025 WL 3559128, at *3 (D. Colo. Dec. 12, 2025) ("[T]he Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.") (citation modified); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. Aug. 29, 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination – a hearing the IJ did not conduct. Therefore, without first evaluating Lopez-Campos' risk of flight or dangerousness, his detention is a violation of his due process rights."), *aff'd,* 175 F.4th 713, 734 (6th Cir. 2026) ("find[ing] no reason to disturb" the district courts' holdings "that the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights").

Although Petitioner asks the Court to immediately release him from custody, the undersigned finds that the appropriate remedy for the violation of his due process rights is a bond hearing contemplated by § 1226(a).[6]

---

[6] Petitioner has requested a bond hearing at which the government should bear the burden of proof. *See supra*. However, Judges in this District have declined to order burden shifting. *See Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *see also*, *e.g.*, *Singh v. Mullin*, No. CIV-26-712-HE, Order, Doc. 13 at 2-7 (W.D. Okla. June 18, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1- 2 (W.D. Okla. Apr. 16, 2026) (same). Accordingly, the undersigned does not recommend burden shifting in this case.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The Court should order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **July 23, 2026**. If a party wishes to respond to the other party's objections, such response must be filed not later than **July 27, 2026**. *See id*. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on July 16, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE