**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FAIZAN MEHDI HASSAN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-00685-JD |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Shon T. Erwin. [Doc. No. 11]. Respondents filed an objection to the R. & R. [Doc. No. 12]. For the reasons outlined below, the Court accepts in part and rejects in part the R. & R.

The R. & R. recommends that the Court grant Petitioner's Petition in part and order Respondents to provide a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time. [Doc. No. 11 at 1–2, 8]. The R. & R. first found that 8 U.S.C. § 1226(a) governs Petitioner's detention. [*Id.* at 3–5]. The R. & R. then concluded that Petitioner's current detention violates his due process rights. [*Id.* at 5–7]. The R. & R. advised the parties of the right to object to the R. & R. by July 23, 2026, and explained that failure to timely object waives appellate review of the factual and legal issues addressed by the R. & R. [*Id.* at 8]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Respondents filed an objection. [Doc. No. 12]. The objection states that, once the R. & R. concluded that § 1226(a) applies to Petitioner's detention, Petitioner is entitled to a bond hearing under § 1226(a) and that the R. & R. did not need to reach the constitutional issue. [*Id.* at 2].[1] Accordingly, Respondents requests the Court to limit any relief "to directing a bond hearing within seven days." [*Id.* at 1].

The Court also notes that the copy of the R. & R. sent to Petitioner's address of record was returned as undeliverable. [Doc. No. 13].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the

[1] Respondents state that they are not conceding that § 1226(a) applies to Petitioner's detention: "While Respondents maintain that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing, the *Quiroz* decision compels a different outcome." [*Id.* at 1].

interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

The docket indicates that the R. & R. was returned undeliverable. [Doc. No. 13]. However, the Court's local rules provide that "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. Moreover, "pro se litigants must follow the same rules of procedure that govern other litigants," *Shrader v. Biddinger*, 633 F.3d 1235, 1249 n.9 (10th Cir. 2011), and litigants "bear the burden of filing notice of a change of address . . . [t]he fact that [the litigant] is acting pro se does not eliminate this burden," *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999).

Here, the R. & R. sufficiently informed Petitioner of both the time period for objecting and the consequences of failing to object. [*See* Doc. No. 11 at 8]. The interests of justice do not require review because the R. & R. was mailed to Petitioner at his last known address, and the Court has no evidence of Petitioner's effort to comply or an explanation for his failure to do so. Thus, the firm waiver rule applies, and Petitioner has waived his right to challenge the R. & R.

The Court next addresses Respondents' objection and conducts a de novo review of the objected to portion of the R. & R. [Doc. No. 12]. The R. & R. concluded that § 1226(a) governs Petitioner's detention. [*Id.* at 3–5]. Having concluded that section

applies, a conclusion to which Respondents do not object,[2] the R. & R. stated that Petitioner is entitled to a bond hearing provided for by § 1226(a). [Doc. No. 11 at 4 ("Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States years after entering without admission, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute.") (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026))]. Accordingly, as identified by Respondents' objection, the R. & R. did not need to reach the constitutional issue of whether Petitioner's detention violates his due process rights. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

For the reasons outlined above, the Court ACCEPTS IN PART and REJECTS IN PART the R. & R. [Doc. No. 11].[3] The Court ACCEPTS the R. & R. to the extent that it concludes that § 1226(a) applies to Petitioner's detention, entitling him to a bond hearing,

---

[2] Respondents concede that "[t]he Tenth Circuit's decision in *Quiroz v. Mullin*, is controlling in this case." [Doc. No. 12 at 1 (internal citation omitted)].

[3] The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

and REJECTS the section of the R. & R. entitled "Petitioner's Current Detention Violates Due Process." [*Id.* at 5–7].

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

In light of this Order, which disposes of Petitioner's case, the Court DENIES Respondents' Motion for Relief from Transfer Notification Period Due to Exigent Circumstances as moot. [Doc. No. 10].

IT IS SO ORDERED this 4th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE